IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LUIS ANTHONY
LLAMAS,

                Petitioner,

           v.                          CASE NO.  07-3138-SAC

STATE OF KANSAS,
et al.,

                Respondents.

**O R D E R**

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  Petitioner seeks to challenge his 2004 conviction upon his plea of nolo contendere of voluntary manslaughter entered in the District Court of Ellis County, Hays, Kansas.

This matter is currently before the court upon a Motion to Dismiss filed by respondents asserting that petitioner failed to file his federal Petition within the one-year allowed by the applicable statute of limitations, 28 U.S.C. § 2244(d)(1).  Petitioner has responded that his Petition was timely filed.  The court finds the following facts relevant to respondent's Motion to Dismiss.

Mr. Llamas was sentenced to 89 months in prison on July 15, 2004.  K.S.A. § 22-3608(c) provides: ". . . [T]he defendant shall

1

have 10 days after the judgment of the district court to appeal." Petitioner did not directly appeal his conviction or sentence.

On July 13, 2005, petitioner filed a Motion to Withdraw Plea of Nolo Contendere, which was denied by the trial court after an evidentiary hearing. Petitioner appealed the denial of this motion to the Kansas Court of Appeals, which affirmed on January 12, 2007. He then filed a Petition for Review in the Kansas Supreme Court, which was denied on May 8, 2007 (<u>State of Kansas v. Llamas</u>, District Case No. 04CR367, Appellate Case No. 95519). Mr. Llamas' federal Petition was filed on May 22, 2007, with his attorney's signature only and no date of execution on the pleading.

Respondents allege the following in support of their Motion to Dismiss:

(1) petitioner's conviction became "final" on July 25, 2004, exactly ten days after the judgment of sentence was entered[1];

(2) the statute of limitations began running the next day on July 26, 2004;

(3) it ran uninterrupted until petitioner filed his Motion to Withdraw Plea on July 13, 2005[2];

(4) when petitioner filed his Motion to Withdraw, which is a

---

[1] 28 U.S.C. 2244(d)(1) provides a one-year statute of limitations within which state prisoners must file their federal habeas petitions. Under 28 U.S.C. 2244(d)(1)(A) the one-year limitations period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

[2] A properly pending state post-conviction motion tolls the running of the statute of limitations.

have 10 days after the judgment of the district court to appeal." Petitioner did not directly appeal his conviction or sentence.

On July 13, 2005, petitioner filed a Motion to Withdraw Plea of Nolo Contendere, which was denied by the trial court after an evidentiary hearing. Petitioner appealed the denial of this motion to the Kansas Court of Appeals, which affirmed on January 12, 2007. He then filed a Petition for Review in the Kansas Supreme Court, which was denied on May 8, 2007 (<u>State of Kansas v. Llamas</u>, District Case No. 04CR367, Appellate Case No. 95519). Mr. Llamas' federal Petition was filed on May 22, 2007, with his attorney's signature only and no date of execution on the pleading.

Respondents allege the following in support of their Motion to Dismiss:

(1) petitioner's conviction became "final" on July 25, 2004, exactly ten days after the judgment of sentence was entered[1];

(2) the statute of limitations began running the next day on July 26, 2004;

(3) it ran uninterrupted until petitioner filed his Motion to Withdraw Plea on July 13, 2005[2];

(4) when petitioner filed his Motion to Withdraw, which is a

---

[1] 28 U.S.C. 2244(d)(1) provides a one-year statute of limitations within which state prisoners must file their federal habeas petitions. Under 28 U.S.C. 2244(d)(1)(A) the one-year limitations period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

[2] A properly pending state post-conviction motion tolls the running of the statute of limitations.

tolling motion, only 13 days remained of the one-year limitations period;

(5) on May 9, 2007, the day after the Kansas Supreme Court denied review on the tolling state motion, the statute of limitations began to run again, ran for 13 days, and expired on May 21, 2007; and

(6) petitioner filed his federal Petition the day after the statute of limitations had expired.

Petitioner responds that his federal Petition was timely. In support, he alleges that:

(1) his conviction did not become "final" until July 29, 2004, which was ten "business" days after the judgment of sentence was entered;

(2) the limitations period began running the next day on July 30, 2004;

(3) it ran uninterrupted until petitioner filed his Motion to Withdraw Plea on July 13, 2005;

(4) thus 17 days remained of the one-year limitations period when petitioner filed his tolling, state motion;

(5) on May 9, 2007, the day after the Kansas Supreme Court denied review on the tolling motion, the statute of limitations began to run again and ran for 14 days; and

(6) petitioner filed his federal Petition 3 days before the statute of limitations expired.

3

Obviously, the main point of contention between the parties is the date on which petitioner's state conviction became "final" for purposes of determining when the statute of limitations began to run. As noted, K.S.A. § 22-3608(c) sets forth the time frame within which a criminal appeal must be taken: "For crimes committed on or after July 1, 1993, the defendant shall have 10 days after the judgment of the district court to appeal." Counsel for petitioner argues that K.S.A. § 60-206 must also be applied in determining the time in which his direct appeal had to be filed.

K.S.A. § 60-206(a) pertinently provides:

> The following provisions shall govern the computation and extension of time:
>
> (a) Computation; legal holiday defined. In computing any period of time prescribed or allowed by this chapter, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation . . . . When an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed herein shall apply.

Id. Petitioner contends the 10 days allowed under § 22-3608(c) must be counted according to the methods set forth in § 60-206, meaning all weekend days and holidays falling within the 10-day

4

period are excluded. Applying this counting method, he argues his conviction did not become "final" until July 29, 2004, and his federal Petition is therefore timely.

This court is tempted but not convinced by petitioner's argument that all provisions of § 60-206 applied to this case and extended his time for directly appealing his conviction. Respondents have filed no reply to petitioner's arguments. The court's own research of this question of interpretation of two state statutes turned up no published case in which the Kansas courts actually applied § 60-206 to extend the ten-day time period for filing a direct appeal of a plea entered in a criminal case by excluding all intervening weekend days and holidays. On the one hand, § 60-206 is the time computation rule in the Kansas Code of Civil Procedure. By its very terms,§ 60-206 provides the method for computing time periods prescribed under any Kansas law, so long as another method for computing such time is not otherwise specifically provided. See McIntyre v. A.L. Abercrombie, Inc., 23 Kan.App.2d 204, 206-07, 929 P.2d. 1386 (Kan.App. 1996). The court agrees with petitioner that K.S.A. § 22-3608 does not expressly provide guidance for when the last day to appeal falls on a weekend or legal holiday. It thus appears, and respondents have not argued otherwise, that the Kansas courts might well apply § 60-206 to determine the last day to file a timely direct criminal appeal. Indeed, the Kansas Supreme Court has upheld "application of . . .

5

60-206 to appellate criminal practice[3] where the defendant is not required by law to be present at the hearing has a salutary purpose and effect . . . ."  State v. Ji, 255 Kan. 101, 112 (Kan. 1994); see also, Morris v. McKune, 71 F.Supp.2d 1109, 1111 FN2 (D.Kan. 1999)(The provisions of K.S.A. § 60-206 apply to appellate criminal practice where the defendant is not entitled to be present at the hearing).  On the other hand, there is no chance that petitioner did not appear at his sentencing, or that he was served by mail with the judgment of conviction or sentence.

Regardless of how the state courts might eventually interpret these two statutes, this court need not decide in this case if §60-206 must be applied to exclude all Saturdays and Sundays within the ten-day period for direct appeal prescribed by § 22-3608(c).  Instead, this court finds it was the practice in the state and federal courts at the district and appellate level, whether by rules of civil procedure, local court rules, or subsequent court order, particularly in 2004 prior to electronic filing, to extend a filing deadline that fell on either a weekend or a holiday to the next business day.

---

[3] The Kansas Supreme Court, as long ago as 1972, noted § 60-206 stated that "[w]hen an act is to be performed within any prescribed time under any law of this state, or any rule or regulation lawfully promulgated thereunder, and the method for computing such time is not otherwise specifically provided, the method prescribed [in 60-206 applied]."  State v. Nelson, 208 Kan. 404, 405, 496 P.2d 498 (Kan. 1972).  The Nelson court held from this language alone it could be argued that all the relevant portions of § 60-206 are applicable to criminal appellate practice.

Respondents allege that the tenth day for petitioner to file a direct criminal appeal was July 25, 2004. Because that date fell on a Sunday, this court finds the last day on which petitioner could have filed a direct appeal was actually Monday, July 26, 2004[4]. Since respondents assert that the Petition filed herein was one day late, this factual finding alone renders the Petition timely.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss this action as time-barred is denied.

**IT IS FURTHER ORDERED** that the time in which respondents are to file their Answer and Return is extended to and including November 5, 2007.

**IT IS SO ORDERED**.

Dated this 3rd day of October, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[4] The statute of limitations thus began to run the next day, which was Tuesday, July 27, 2004. See United States v. Hurst, 322 F.3d 1256, 1259-60 (10th Cir. 2003).