## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LUIS ANTHONY LLAMAS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STATE OF KANSAS, et al., )<br>)<br>Respondents. )<br>) | CIVIL ACTION<br>No. 07-3138-CM |

### MEMORANDUM AND ORDER

Petitioner Luis A. Llamas, a prisoner at the Lansing Correctional Facility in Lansing, Kansas, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody (Doc. 1). Petitioner pled nolo contendere in state court to voluntary manslaughter, and seeks to challenge his conviction. Specifically, petitioner requests federal relief on two grounds: (1) that his plea was not knowingly and voluntarily made; and (2) his counsel was ineffective for failing to pursue additional expert opinions. For the following reasons, the petition is denied.

**I.      Factual and Procedural Background**

Petitioner and three other individuals were charged in connection with the November 2003 beating death of Clint Johnson in Hays, Kansas. The State initially charged petitioner with aggravated battery and second-degree murder, but given his criminal history score, petitioner faced a potential sentence of as much as 267 months in prison if convicted. Petitioner entered into an agreement with the State in which petitioner pled no contest to the reduced charge of voluntary manslaughter, and the State agreed to dismiss the aggravated battery charge. The Ellis County District Court accepted the plea and sentenced petitioner to 89 months in prison. Petitioner did not file a direct appeal.

Petitioner testified at the trial of one of his codefendants. At that trial, one witness and petitioner's codefendant testified that they each observed Johnson falling to the ground while petitioner stood next to him holding a baseball bat. Another witness and another codefendant testified that they observed petitioner hit Johnson in the head twice with the bat. Petitioner's codefendant was acquitted of second-degree murder, but convicted of aggravated battery.

Nearly a year after his sentencing, petitioner filed a motion to withdraw his plea pursuant to Kan. Stat. Ann. § 22-3210(d) claiming (1) that his plea was not knowingly and voluntarily made and (2) that he was denied effective assistance of counsel.

After an evidentiary hearing, the Ellis County District Court denied relief on petitioner's motion to withdraw his plea. A divided panel of the Kansas Court of Appeals affirmed and the Kansas Supreme Court denied the petition for review. Petitioner now seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Because this petition arises out of the denial of a motion to withdraw a plea, rather than through the more common denial of a collateral challenge filed in the state court pursuant to Kan. Stat. Ann. § 60-1507, this court must first evaluate whether the petition is properly before it.

## II.     The Exhaustion Requirement

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). As amended, the Act states that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall

not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. § 2254(c).

This requirement has been interpreted, however, to be "merely an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights. (Citations omitted)." *Webb v. Webb*, 451 U.S. 493, 500 (1981). Where state remedies are no longer available because of a prisoner's procedural default in presenting his claims to the state courts, dismissal for failure to exhaust is not appropriate. *See Castille v. Peoples*, 489 U.S. 346, 350–51 (1989). This rule is grounded in concerns of comity and federalism; it is not jurisdictional. *Crease v. McKune*, 189 F.3d 1188, 1192 (10th Cir. 1999).

The Supreme Court has noted that while the statutory language could be read to "effectively foreclose habeas review by requiring a state prisoner to invoke *any possible* avenue of state court review, we have never interpreted the exhaustion requirement in such a restrictive fashion." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Thus, 28 U.S.C. § 2254(c) requires state prisoners to give state courts only one full and fair opportunity to act on their claims by "invoking one complete round of the state's established appellate review process." *Id.* at 844–45. Petitioners are not required to file repetitious applications in the state courts.

Here, petitioner filed for federal habeas relief without having first been denied relief on a motion in the state court under Kan. Stat. Ann. § 60-1507. However, because the claims he raises in this petition have already been brought before the state's highest court, this court finds that petitioner's failure to seek relief pursuant to Kan. Stat. Ann. § 60-1507 before filing for federal habeas relief does not bar his federal petition. Petitioner satisfied the exhaustion requirement when

3

his claims were "presented to the state courts in a posture allowing full and fair consideration." *Smith v. Adkins*, 678 F.2d 883, 885 (10th Cir. 1982).

**III.   Standard of Review**

A court may grant a writ of habeas corpus only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2); *see also Williams v. Taylor*, 529 U.S. 362, 409–13 (2000). Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct. 28 U.S.C. § 2254(e)(1).

**IV.   Discussion**

    **A.     Whether State Court's Analysis of Voluntariness of Plea was Reasonable**

Petitioner's challenge appears to be focused on the state court's determination of the facts, rather than its application of law. During the evidentiary hearing in the Ellis County District Court on petitioner's motion to withdraw his plea, petitioner and his father testified that petitioner agreed to the plea because he was told he would not get a fair trial because he was Mexican. However, petitioner's two attorneys testified that, while they had "strong concerns" about petitioner's ability to receive a fair trial, they were of the opinion that petitioner's decision to plead no contest was knowingly and voluntarily made, and was based on the evidence the State was prepared to present, and upon the potential sentence petitioner was facing if found guilty as charged. The district court weighed the credibility of these competing testimonies, and found:

> "'[Both of the petitioner's attorneys] testified that they spent considerable time discussing the plea with [petitioner], and that neither one of them testified, in fact they were both careful to testify, that they had not told [petitioner] that he could not get a fair trial.'"
> . . .
> "'I think [petitioner] was well-served by his attorneys. I think [petitioner] was given a difficult choice, a difficult choice because in essence what he had to do is he had to decide whether he was willing to roll the dice, and if he won, walk out of that jailhouse door; or if he lost, serve 200 and some months in the penitentiary; or on the other hand, take a bird in the hand and know he had 89 months, or fairly certain he would have 89 months and at most, 90 months. He made that choice.'" *State v. Llamas*, No. 95,519, 2007 WL 92676, *2 (Kan. Ct. App. Jan. 12, 2007).

The majority of the Kansas Court of Appeals panel upheld the district court's decision, concluding that its factual findings and credibility determinations were supported by substantial, competent evidence. *Id*. at *3.

One member of the panel dissented, suggesting that the district court's conclusions were based on a materially erroneous recollection of the facts. The dissenting member of the Kansas Court of Appeals panel cited hearing testimony in which one of the attorneys indicated he had conveyed to petitioner that he could not receive a fair trial in Ellis County. *Id.* at *5.[1] The dissent would have remanded for the district court to conduct another hearing or review the testimony anew and make findings and conclusions regarding whether withdrawal of the plea was required. *Id.* at *5–6.

Having reviewed the record in this case, including the transcript of the plea hearing, the hearing on the motion to withdraw the plea, and the evidentiary hearing on petitioner's motion, the court finds that petitioner has not met his burden on this claim. This court is not clearly convinced

---

[1] According to the dissent, "when a criminal defendant is given a choice between what his own counsel believes will not be a fair trial or pleading to the charge with a hope of reduced sentence, the choice cannot be deemed voluntary. . . [under such circumstances, any] purported waiver of the right is undermined by the perception that the right is simply nonexistent in his case." *Id.* at *6 (citation omitted).

5

that the facts as found by the majority of the Kansas Court of Appeals panel lack support in the record. On the contrary, although the two attorneys appointed to represent petitioner had "strong" concerns about whether it would be possible to empanel an impartial jury in Ellis County, both repeatedly testified that petitioner's decision to plead no contest was knowingly and voluntarily made, No. 04-CR-367, Sept. 29, 2005, Hrg. Tr. at 26, 44, 55, 82; and was based on the evidence the State had and upon the potential sentence he was facing if found guilty as charged. *Id*. at 41–44, 73, 81–82; see also *Id*. at 30–31, 66–68, 70–71 (testifying they did not tell petitioner that he absolutely could not receive a fair trial in Ellis County, but expressing their concerns); *Id*. at 53, 73 (echoing testimony that petitioner's "biggest concern was the time factor . . . the amount of time that he would receive if convicted").

Moreover, in evaluating whether the plea was entered voluntarily, both the district court and the Court of Appeals panel applied the appropriate law, and did so in a reasonable manner. If a petitioner had counsel during the plea process and entered the plea on counsel's advice, "the voluntariness of the plea depends on whether counsel's advice was 'within the range of competence demanded of attorneys in criminal cases.'" *Gardner v. McKune*, No. 06-3149, 2007 WL 852645, at \*4 (D. Kan. Mar. 21, 2007) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); citing *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985)); *see also Tollett v. Henderson*, 411 U.S. 258, 262–64 (1973) (noting that *McMann* sets out the general rule governing review of federal collateral attacks on convictions based on guilty pleas entered with advice of counsel). Thus, for petitioner to establish that his plea was not voluntarily or intelligently made, petitioner must show "that the advice he received from counsel was not within the standards set forth in *McMann*." *Gardner v. KcKune*, 2007 WL 852645, at \*4. Petitioner has failed to meet this burden. On the contrary, the record

6

establishes that the advice he received from counsel was "within the range of competence demanded of attorneys in criminal cases." *McMann,* 397 U.S. at 770–71.  His attorneys had concerns about whether an impartial jury could be empaneled in Ellis County; they talked to petitioner about this; they commissioned a venue study; and they filed a motion for change of venue in the district court, which the district court considered and denied.  In entering his plea of no contest, petitioner sufficiently indicated to the district judge that he understood his rights, the effect of his plea, that he was under no pressure to make a decision, that he had consulted with his attorneys, that his plea was knowing, voluntary, and his own decision.  The district court accepting the plea made an inquiry sufficient to establish, affirmatively and on the record, that the plea was knowing and voluntary.[2] *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969).  The Kansas Court of Appeals' panel's majority opinion upholding the decision was not contrary to clear and convincing evidence, nor was it contrary to established federal law.  Based on the factual findings of the state court and this court's own review of the record, this court finds that petitioner is not entitled to relief on this claim.

**B.     Ineffective Assistance of Counsel**

---

[2]   As the district court stated:
> "I think Mr. Llamas was well-served by his attorneys.  I think Mr. Llamas was given a difficult choice . . . .
>
> "I think what has happened since that time is some regret about that choice, not because of manifest injustice, but because he realizes that that choice could have gone either way back then.  And I would point out to Mr. Llamas that I would think any competent attorney given the situation today, if you were granted a new trial, would discuss the possibility of prejudice with you.  Not only over the issue of your ethnicity, but because of these events and their [e]ffect on the community.  That's what good trial attorneys do.
>
> "... [W]as the defendant represented by competent counsel? Yes.  Was the defendant misled, coerced, mistreated, or unfairly taken advantage of?  No.  In fact the court carefully inquired of that.  The court has heard no evidence to indicate that and the court is convinced that that did not happen." *Llamas*, 2007 WL 92676 at * 2–3.

Petitioner claims that his counsel provided ineffective assistance by failing to properly prepare and investigate his case. Specifically, petitioner argues that his trial counsel failed to secure an expert witness to ascertain the cause of the victim's death—information critical to support petitioner's theory that he never struck the victim in the head with a baseball bat and thus could not have committed the killing. While petitioner's counsel did hire an expert forensic pathologist to testify at trial, the expert witness was unable to conclusively determine the victim's cause of death based upon the available evidence. Petitioner supports his claim by pointing to his codefendant's counsel's ability to secure an expert witness who determined the cause of the victim's death to be a blow to the back of the head when the victim fell onto the concrete.

Respondent asserts that petitioner's counsel did investigate the consistency between the cause of death and the charged crime by conducting a search of several forensic pathologists before selecting one to testify. The fact that counsel did not continue to search for an expert who would exculpate petitioner was not unreasonable. This is because petitioner's expert witness testified essentially the same way as the prosecution's expert pathologist in concluding that one blow, or several blows, caused the victim's death. Furthermore, respondent argues that the opinion of petitioner's codefendant's expert witness was not known until after petitioner had pled nolo contendere.

In evaluating petitioner's claims that his counsel provided ineffective assistance, the appropriate standard is that identified in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*,

8

466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a petitioner pleaded guilty, the test for the prejudice component becomes whether petitioner can demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *O'Neill v. Bruce*, No. 06-3062-JWL, 2006 WL 3087127, at *5 (D. Kan. Oct. 27, 2006) (quoting *Hill v. Lockhart*, 474 U.S. at 59); *Gardner v. McKune*, 2007 WL 2204352 at *2 (applying the same standard in the context of a no contest plea).

There is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if the petitioner makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed. *Strickland*, 466 U.S. at 697. Because the Kansas Court of Appeals addressed the merits of petitioner's arguments in its May 8, 2007 Memorandum Opinion, this court limits its review to whether the appellate court unreasonably applied *Strickland* or whether its factual determination was unreasonable in light of the evidence presented.

In its opinion, the Kansas Court of Appeals properly set forth the *Strickland* standard cited above, identified petitioner's allegations of ineffective assistance of counsel, and rejected petitioner's claim. The appellate court considered the practical limitations facing appointed counsel,

9

and upheld the district court's finding that any failure to consult more or different experts did not cause his professional duty to petitioner to be unsatisfied.  *Llamas*, 2007 WL 92676 at *4–5. Moreover, the appellate court noted that there was not a reasonable probability that petitioner would have insisted on going to trial even if a different or more favorable expert witness had been found. Ultimately, the Kansas Court of Appeals found that the trial court's denial of petitioner's motion to withdraw his plea was proper because petitioner failed to show that, but for counsel's errors, there was a reasonable probability that the result of the trial would have been different.  *Id.* at 2–3 (citing *State v. Davis*, 85 P.3d 1164 (Kan. 2004)).  The state court reasonably applied clearly established federal law, namely *Strickland*, to the facts before it.  28 U.S.C. § 2254(d)(1).  Petitioner is not entitled to relief on his ineffective assistance of counsel claims.

For these reasons, petitioner is not entitled to habeas relief.

**IT IS THEREFORE ORDERED** that Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody (Doc. 1) is denied.

Dated this 13th day of February, 2009 at Kansas City, Kansas

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
